# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1866.

### E. KEY BUCHANAN *vs.* DOROTHY ANN TURNER.

WILL,—PROBATE OF.—Where a will is executed and attested in conformity with ART. 93, SECS. 300 & 301, and ART. 45, SECS. 1 & 2 OF THE CODE OF PUBLIC GENERAL LAWS, there is no error in admitting it to probate.

FEME COVERT,—POWER OF TO DISPOSE OF HER SEPARATE PROPERTY BY WILL.—It was the settled law of Maryland even prior to the adoption of the Code, that where property is given to a feme covert to her separate use simply, without restricting her power of disposing of it, or prescribing the mode in which that power is to be exercised, she may act in reference to the disposition of it as a *feme sole.*

The ACT of 1842, CH. 293, SEC. 6, refers only to the general property of the wife, and does not apply where property is held by her to her sole and separate use.

ART. 45, SECS. 1 & 2 of the CODE enlarges the rights and powers of a *feme covert* and provides that "the property, real and personal, belonging to a woman at the time of her marriage, and all property which she may acquire or receive after her marriage by purchase, gift, grant, devise, bequest, or in a course of distribution," shall be held by her "for her separate use, with power of devising the same as fully as if she were a *feme sole,* or she may convey the same by a joint deed with her husband."

The ACT OF 1842, CH. 293, SEC. 6, was codified by the Legislature in Art. 93, sec. 308 of the Code, but it was directed that its provisions should "not apply to property acquired after the adoption of the Code,' In regard to which, secs. 1 & 2 of Art. 45 are plainly applicable.

Where the only property held by a testatrix at the time of her death was the property in a mortgage assigned to her, acquired under a deed of trust executed in 1854, and held by her *to her sole and separate use* at the time of her marriage, it was held that the testatrix had the power of disposing of the same by will executed as though she were a *feme sole.*

1 vol. 26

APPEAL from the Orphans' Court of St. Mary's county.

This is an appeal from an order of the Orphans' Court of St. Mary's county, admitting to probate the will of Nannie Buchanan, the late wife of the appellant. The only question which it involves is the right of Mrs. Buchanan, as a *feme covert*, to make a will under the circumstances of the case, without the assent of her husband.

The marriage between the parties took place in July, 1863. In September, 1854, George Thomas, the grandfather of Mrs. Buchanan, executed a deed of trust to Wm. H. Thomas for the benefit of the appellee, Mrs. Turner, then Mrs. Smith, and her children, of whom Mrs. Buchanan was one, with the proviso that the shares of any of the daughters who should marry should be invested by the trustee to their "sole and separate use," without further limitations or powers. Wm. H. Thomas assigned to Mrs. Buchanan, after her marriage, a certain mortgage from Henry Sothoron to said Thomas for $4,200, in consideration of which, she and her husband, the appellant, released him from all claims under the deed of trust. That mortgage it was admitted constituted all the property which belonged to Mrs. Buchanan at the time of her death, and her power to dispose of it as a *feme sole*, by the last will and testament in question is the matter in controversy on this appeal.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*S. T. Wallis* for the appellant.

It was contended below, on the part of the appellee, who is the beneficiary under the will, that as the parties were married after the adoption of the Code, the right of the wife to make testamentary disposition of her said estate enured under Article 45, sec. 2 of the Code.

The ground assumed by the appellant was, that the property was acquired by the wife before the adoption of the Code, and could not consequently be disposed of by will without the husband's assent, as required by Article 93 of the Code, sec. 308. For the purposes of this argument, it was assumed, and it is believed rightfully, that the acquisition of the property dates from the execution of the original trust deed by Mr. George Thomas, long before the marriage, and not from the date of the assignment by the trustee to Mrs. Buchanan. Her release designates it as "in full of the amount due her by said trustee" under the deed of trust in question. Hence, her rights in respect to it arose under the deed of trust, and not otherwise, and the mortgage must be construed as an investment made by the trustee under the authority of the deed and subject to its provisions.

It will be contended that the estate sought to be devised by the deceased, being thus trust property, limited to her sole and separate use, without any provision as to alienation, was, at the time of its acquisition, subject to the right of testamentary disposition only in accordance with the Act of 1842, ch. 293, sec. 6, which is now sec. 308 of Article 93 of the Code, and which governed the testamentary rights of *femes covert* as to all their estates. It will be argued that this section applies by its terms, as well as in pursuance of the general policy of our legislation, to trust property in reference to which married women have no specific power of alienation, precisely as to their general property, and that the consent of the husband is, by its force, required in either case wherever the wife devises.— That it is intended so to continue as to property acquired before the adoption of the Code, is made manifest by the provision in sec. 308 of Article 93, that it shall not apply to property acquired after its adoption. The first section of Article 45 is in fact but a reproduction of the Act of

1853, ch. 245, and co-existed with the Act of 1842 down to the adoption of the Code, which seems to show that the consent of the husband to the exercise of the testamentary rights by the wife, which is imposed by one statute, was intended to apply to all the property of the wife specified in the other; that is to say, all property belonging to her at her marriage or acquired afterwards. Upon proper principles of construction, it will be argued that it still continues so to apply as to all such property acquired before the adoption of the Code, and without reference to the date of the marriage.

*Thos. S. Alexander* for the appellee.

Where the property was acquired by the wife prior to the adoption of the Code, the marital rights of the husband then vested could not be affected by subsequent legislation. *Cooke vs. Husbands*, 11 *Md. Rep.*, 505 and 506. 1 *Code*, *"Rules of Interpretation."*

BARTOL, J., delivered the opinion of this Court.

In the case of *Michael vs. Baker's Ex.*, 12 *Md. Rep.*, 158, it was held that the Orphans' Court in passing upon the question of admitting to probate the will of a married woman, were not required to decide what property would pass under the will, such inquiry properly belonging to another forum, but the form and attestation of the instrument being sufficient, the duty of that Court would be to admit it to probate. By the probate nothing is determined but the *factum* of the will, not the right of disposal, and this for the reason that "perhaps if no probate were granted the person to whom the property is left might be unable to recover it." Under that decision, the will in this case being executed and attested in conformity with the Code, Art. 93, secs. 300, 301, and Art. 45, secs. 1, 2, there was no error in admitting it to probate. It appears, however,

by the agreement of counsel filed in the cause that the only property owned by the testatrix at the time of her death, was the property in the mortgage of Henry Sothoron offered in evidence. That property was acquired under the deed of trust executed in September, 1854, by George Thomas, her grandfather, and was held by her *to her sole and separate use* at the time of her marriage with E. Key Buchanan, the caveator, in July, 1863, and the question argued by counsel, which we have been called on to decide, is whether the will is a valid and sufficient instrument to dispose of such property.

In the case of *Cooke vs. Husbands*, 11 *Md. Rep.*, 492, decided at the December term, 1857, it was for the first time definitively declared to be law in Maryland, "that where property is given to a *feme covert* to her separate use simply, without restricting her power of disposing of it, or prescribing the mode in which that power is to be exercised, she may act in reference to the disposition of it as a *feme sole*." This decision was followed in *Michael vs. Baker*, 12 *Md. Rep.*, 158, *Chew's Adm'r vs. Beall*, 13 *Md. Rep.*, 348, and in other cases, and must be considered as the settled law of the State.

So stood the law before the adoption of the Code. The property of the testatrix being limited to her sole and separate use under the deed of her grandfather, without any restraint upon her power of disposition, it follows from the decisions cited that she had the power to pass it by her will made and attested as if she were a *feme sole*, such property not coming within the provisions of the Act of 1842, ch, 293, sec. 6, that section referring only to the general property of the wife, not held by her to her sole and separate use.

We now come to consider what change, if any, has been made by the Code in the pre-existing law on this subject.

It had been decided by the Court of Appeals in *Schindel*

*vs. Schindel*, 12 *Md. Rep.*, 108, *Ibid.*, 204, that under the several Acts of 1841, ch. 161, 1842, ch. 293, and 1853, ch. 245, and the 38th sec. of the 3rd Article of the Constitution of 1851, while the property, real and personal, of a married woman, not limited or held to her sole and separate use, was protected from liability for the debts of her husband, his marital rights over it remained unimpaired.

This decision was afterwards followed and explained in *Bridges & Woods vs. McKenna*, 14 *Md. Rep.*, 258. See also, *Mutual Insurance Co. vs. Deale*, 18 *Md. Rep.*, 26. *Weems vs. Weems*, 19 *Md Rep.*, 334. Property so held by a married woman, she could not dispose of by last will except with the consent of her husband, and by an instrument executed and acknowledged as prescribed by the 6th section of the Act of 1842, ch. 293.

By the Code, Art. 45, secs. 1, 2, the Legislature saw fit to change the law and to carry out what seemed to be the intention of the constitutional provision, (Art. 3, sec. 38, Const. of 1851,) by enacting that "the property, real and personal, belonging to a woman at the time of her marriage, and all property which she may acquire or receive after her marriage by purchase, gift, grant, devise, bequest, or in a course of distribution, shall be protected from the debts of her husband, and not in any way liable for the payment thereof;" and that such property shall be held by her "for her separate use with power of devising the same as fully as if she were a *feme sole*, or she may convey the same by a joint deed with her husband."

Thus we perceive that the rights and powers of a *feme covert* over her property have been enlarged by these provisions of the Code. But inasmuch as there were cases in which this provision of the Code could not have effect, by reason of existing marital rights of a husband previously acquired, and in which the *feme covert* would have no power to make a will disposing of her general property, except

under the 6th section of the Act of 1842, ch. 293, the Legislature codified that section in Article 93, sec. 308, but directed that its provisions should "not apply to property acquired after the adoption of the Code."

In regard to which property it is plain that the 1st and 2nd sections of Article 45 are applicable.

In this case the property of the testatrix was acquired long before the adoption of the Code, and the counsel for the appellant relies upon the last clause of sec. 308, Art. 93, to show that the will before us is inoperative to pass it, because not executed and acknowledged as required by that section.

It will appear, we think, from what has been already said that such is not the true construction or legal effect of these provisions of the Code.

The power of the testatrix to dispose of her property by such an instrument as the will before us, was not derived alone from any provision of the Code ; under the decisions of this Court before cited it would have been a good will to pass the property in question if executed by a married woman before the Code was adopted, and notwithstanding the provisions of the 6th section of the Act of 1842. The property being held by her to her sole and separate use, that Act did not apply to it, and when re-enacted in the Code it must have the same operation and effect, and cannot be construed as abridging or taking away the power of the testatrix to dispose of her property by will executed as if she were a *feme sole.*

The order will be affirmed with costs to the appellee.

*Order affirmed.*

Decided November 1st, 1866.