(Decided 23d June, 1885.)

## WILLIAM R. RAMSEY, ELIZABETH RAMSEY, and others *vs.* MARY M. WELBY.

### *Probate—Jurisdiction of Orphans' Court.*

A paper-writing purporting to contain the last will of S. was admitted to probate in common form by the Orphans' Court. The will bore certain interlineations and erasures in ink, and also certain alterations, erasures and additions in lead pencil, made by the testatrix. After considerable lapse of time certain persons filed their petition, setting forth the various modifications of the will, and averring that none of the changes made in pencil were to be considered as operative parts thereof, and setting forth certain constructions of certain provisions of the will as the true and legal effect of the same, and praying " that the true text of said last will and testament for the disposition of the personal estate of the said testatrix (there being no real estate) may be ascertained and declared, and the bequests in their favor, or in favor of any of them, may be secured to them, and that the petitioners may have such further or other relief in the premises as they may be entitled to, and that W. (one of the administrators, with the will annexed, and a legatee interested in maintaining the will in its entirety as propounded,) may be required to answer the petition." W. by way of answer, pleaded to the jurisdiction of the Orphans' Court to try and adjudicate the questions presented by the petition ; and the Court decided that at the time of admitting the will to probate, it did in that act establish the true text of the will, and that as to determining and establishing any rights that might arise thereunder, by construing the will and codicils, it was beyond its juris-

diction, and dismissed the petition.   On appeal from the order dis-
missing the petition, it was HELD :

That the petition was properly dismissed.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER,
IRVING, RITCHIE, and BRYAN, J.

*Arthur W. Machen,* for the appellants.

*John W. Simpson,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The paper-writing purporting to contain the last will
of Susan M. Shield was admitted as such to probate, in
common form, by the Orphans' Court of Baltimore City.
The will bore certain interlineations and erasures in ink,
and also certain alterations, erasures, and additions in lead
pencil, made by the testatrix.   After considerable lapse of
time, the appellants filed their petition, setting forth the
various modifications of the will, and averring that none
of the changes made in pencil were to be considered as
operative parts thereof, and setting forth certain con-
structions of certain provisions of the will as the true and
legal effect of the same, and praying " that the true text
of said last will and testament, for the disposition of the
personal estate of the said testatrix, (there being no real
estate) may be ascertained and declared, and the bequests
in their favor, or in favor of any of them, may be secured
to them, and that your petitioners may have such further
or other relief in the premises as they may be entitled to,
and that the said Mary M. Welby (one of the administrators
*c. t. a.,* and a legatee interested in maintaining the will in

its entirety as propounded) may be required to answer this petition."

The respondent, by way of answer, set up the plea of want of jurisdiction in the Orphans' Court to try and adjudicate the questions presented by the petition; and the Court decided that, at the time of admitting the will to probate, it did in that act establish the true text of the will, and that as to determining and establishing any rights that might arise thereunder, by construing the will and codicils, it was beyond its jurisdiction; and dismissed the petition.

In the probate nothing is to be determined but what relates to the mere *factum* of the will. *Michael vs. Baker's Ex'rx,* 12 *Md.,* 158; *Buchanan vs. Turner,* 26 *Md.,* 1. What is the legal effect of its provisions is not involved in that proceeding. Undoubtedly any clause or portion of the paper-writing propounded as a will, may be rejected, if it appears it was not inserted by the testator, or that he had revoked it, or that it was not embraced by the execution. Such facts go to the actual *making* of the instrument; but all that is embodied in the paper-writing executed by a testator as an integral part of his intended testamentary disposition is to be accepted by the Orphans' Court as entering into his will. The validity and legal construction of the provisions are matters for subsequent determination, by the appropriate tribunals.

What was, in fact, admitted to probate as constituting the last will of Susan M. Shield, as set out in the order of probate, and as declared by the Orphans' Court when dismissing the petition, was the paper-writing propounded, as made and left by her as her will, with all the additions, alterations and erasures appearing therein, whether made in ink or pencil.

To the extent any of these changes were involved in the mere question of the *factum* of the will, they were

open to contest by the parties interested; and might have been raised by appellants in plenary proceedings. But the prayer of the petition is confined to no such simple issue. It calls on the Orphans' Court to declare the " true text" of the will, not in the sense of merely reciting or setting out what words are actually or legibly apparent and unerased in the will (that the Court had already in effect done); but to determine the operation of the will, in a legal sense, as derivable from construction—such construction embracing the effect to be given the alterations, additions and erasures with reference to the original text, and to be given to the fact of part of the substituted or added writing being in pencil, and the question of how far such changes were contingent or absolute; and from such construction to ascertain and declare the rights and interests of the appellant to certain bequests as operative in law.

It is well settled that the Orphans' Courts are clothed with no such jurisdiction. Questions of the nature described can only be determined in the Courts of law or equity.

In the case of *State, use of Trustees of M. E. Church vs. Warren*, 28 *Md.*, 338, the Orphans' Court of Caroline County having decided a certain bequest to be valid, and ordered the executor to pay it, it was determined that the Court had exceeded its power. On page 355, in the opinion, it is said:

" The third replication presents another question, viz., that the right to this legacy had been definitively adjudicated in favor of the trustees by the Orphans' Court of Caroline County, upon petitions filed in behalf of the next of kin and by the trustees of the church. This determination is said to be conclusive, being the decision of a Court of competent jurisdiction to adjudicate and decide finally the matter in controversy. In *Craufurd's Adm'r vs. Craufurd, et al.*, 22 *Md.*, 447, this Court decided that,

Ramsey, *et al. vs.* Welby.

under the provisions of our testamentary law, the Orphans' Courts have power to determine who are next of kin, and to decide between parties claiming adversely to each other, and determine which of them are next of kin entitled to distribution; but that decision does not go to the extent of holding that those Courts have jurisdiction to decide questions like the present, involving the validity or invalidity of a bequest under a will. Such questions can only be determined in the Courts of law or equity. The Orphans' Courts have no jurisdiction, save what is conferred by statute. They are forbidden under pretext of incidental power·or constructive authority to exercise any jurisdiction not expressly conferred by law. *Code, Art.* 93, *sec.* 252. We find no authority expressly given them to adjudicate such questions as are presented in this case, and their jurisdiction cannot be extended by construction. The executor was, therefore, justified in refusing to pay this legacy to the plaintiffs, under the order of the Orphans' Court, and in requiring them to assert their claim to it by a proceeding at law or in equity."

Of similar purport is the following language from the Court's opinion in *Schull vs. Murray, Ex'r of Ludeking,* 32 *Md.,* 16:

"The jurisdiction of the Orphans' Court is limited to inquiries which relate to the probate alone. * * * * When probate is granted, authority to determine what passes under the will is devolved upon the Courts of law and equity, tribunals which are clothed with ample jurisdiction to decide that question."

In our opinion, the petition of the appellants was properly dismissed, and the order of the Orphans' Court will be affirmed.

*Order affirmed.*

(Decided 23rd June, 1885.)