JACOB POWELL, SR. *vs.* ALFRED A. CURTIS and CHRISTOPHER C. SHRIVER.

*Appeal—Delay in Transmitting record—Dismissal.*

Under Rule thirteen of the Court of Appeals, requiring the record, on appeal from an order or decree of the Orphans' Court, to be transmitted within thirty days after the praying of the appeal, the Appellate Court will, *sua sponte* dismiss an appeal, where the transcript of the record was not filed in said Court until more than two years after the appeal, no explanation of the delay being given, notwithstanding an agreement of counsel that neither party should take advantage of the delay.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, BOYD, and BRISCOE, J.

*Charles C. Rhodes,* (with whom was *F. V. Rhodes,* on the brief,) for the appellant.

*Charles J. Bonaparte,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

A certain paper-writing was propounded in the Orphans' Court of Baltimore City for probate as the last will and testament of Rebecea M. M. Powell, deceased. A caveat to the said paper-writing was filed by Jacob Powell, Senior, who alleged himself to be the brother of the decedent. The caveat was answered by the appellees, and on the twenty-ninth day of June, eighteen hundred and ninety-one, the Orphans' Court passed an order admitting the paper-writing to probate as the last will and testament of the decedent. An appeal was prayed by the caveator on the sixteenth day of July in the same year. The transcript of the record was filed in this Court on the eighteenth day of July, eighteen hundred and ninety-three,—more than two years after the appeal.

The thirteenth Rule of this Court requires that appeals from orders or decrees of the Orphans' Courts shall be taken and entered within thirty days after such order or decree, and that the record shall be transmitted to this Court within thirty days after the praying of the appeal. The record furnishes us with no explanation of the long delay in sending up this appeal. It is true an agreement of counsel has been filed that neither party shall take any advantage of the delay. But our rules are made by the authority of the Court, and are not liable to be changed or relaxed at the pleasure of counsel. This one, among others, was intended to diminish the delay in the administration of justice, which, even when necessary, is a serious evil; and which, when unnecessary, is a scandal and a reproach to the law. But it would be in vain to pass rules for this purpose, if we should permit them to be frustrated at the will of counsel. We are not now considering the validity of an excuse for the breach of this rule, for none has been alleged to exist. So far as the record discloses

the facts, there seems to have been a willful disregard of it. Although there has been no motion by the appellees, we think it our duty to take the matter in our own hands in this case, and enforce our rule *sua sponte*, as we have frequently done heretofore in cases of a much less marked character.

We shall therefore dismiss the appeal.

*Appeal dismissed,*
*with costs.*

(Decided 18th January. 1894.)