## MARIA L. GRABILL, ADMINISTRATRIX, ETC., vs. REUBEN N. PLUMMER.

*Surviving Husband Renouncing Interest in Wife's Will Entitled to Statutory Share of Her Estate Clear of Costs in Caveat Proceeding—Appeal by Administrator.*

The Act of 1898, ch. 331, provides that a husband who survives his wife shall be entitled to the same interest in .her estate that a wife who survives her husband is entitled to in his estate. Under Code, Art. 93, sec. 292, a widow who renounces the provision made for her in her husband's will is entitled to one-third of his personal estate remaining after payment of debts. In this case a surviving husband renounced all interest under his wife's will and claimed his statutory share of the estate. A caveat to the will was filed by other persons—the husband not being a party—which was successfully defended by the executor. *Held*, that the costs and counsel fees in the caveat proceedings should be paid

wholly out of the estate passing under the will, and that the husband of the testatrix is entitled to his statutory share of her estate clear of such costs.

An administrator *pendente lite* is not authorized to appeal from an order of the Orphans' Court, directing the costs of a caveat proceeding to be paid out of the estate passing under the will and not in part from the share distributable to the husband of the testatrix who renounced the will.

Appeal from the Orphans' Court of Frederick County.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*H. Dorsey Etchison* (with whom was *Reno S. Harp* on the brief), for the appellant.

Assuming that the appellee was neither technically nor actually a party to the caveat, yet he is responsible, inasmuch as his interest in the personal estate of the wife amounts to one-third, for one-third of the costs, counsel fees and expenses of the litigation over the caveat in both the Circuit and Orphans' Courts, for the following reasons:

1st. Because said costs, &c., were incurred by the executor in the regular discharge of his duty and by authority of law. "After probate of will and grant of letters testamentary, it is the duty of executors to appear to and defend a caveat to the will under which they are acting and make all necessary preparations for its trial upon its merits." *Compton* v. *Barnes*, 4 Gill, 55. The employment of counsel for that purpose follows as a necessary incident to the unquestioned powers and duties of executors, and it would be inconsistent with every principle of reason, law and justice not to allow to the executors, out of the estate of the deceased, the expenses by them necessarily incurred in the faithful discharge of their duties. The decision in this case based upon sec. 5 of Art. 93 of Code.

2nd. Because said costs, expenses and counsel fees were incurred for the protection of the whole estate, without regard to any particular interest under the will. Sec. 5 of Art. 93, allows said costs to be incurred and this statute is to be

construed in connection with the interpretation of the statute, sec. 292, Art. 93. In other words, the former statute designates said items of costs and expenses as a debt or administration charge, and the latter authorizes it's payment. It is either one or the other. If an administration charge, then allowed out of the whole estate before distribution, by virtue of said sec. 5 of Art. 93. If a debt, then required to be paid out of the whole estate before distribution, under authority of sec. 292, Art. 93. In either event, the appellee must therefore contribute.

3rd. Because it would be inequitable and unjust to not compel appellee to contribute his proportionate share. The third and last proposition which the appellant submits is almost too plain for argument. The record discloses the fact that appellee was hostile to the maintenance of his wife's will, and was so much so in his conduct at the trial, and before, that certainly he will not be permitted to escape the penalty of that conduct. That he could do all in his power to diminish the interests of others under the will by taking a prominent part in the litigation which incurred these costs, counsel fees and expenses, and then not be subjected to his proportionate share invites no further discussion in this brief.

*Hammond Urner* (with whom was *Milton G. Urner* on the the brief ), for the appellee.

The appellant clearly has no interest in the subject-matter of this appeal and is not aggrieved by the order in question. As administratrix *pendente lite* she was merely the temporary custodian of the estate, and her functions are at an end. The adjustment of the costs and expenses of the caveat as between the beneficiaries under the will and the renouncing husband has no relation whatever to the account of the administratrix *pendente lite*, which simply transfers the estate as a whole to the administrator *d. b. n. c. t. a.*, and cannot settle any conflicting interests. It has been held that an administrator *pendente lite* cannot appeal from an order of the Orphans' Court directing him to sell property belonging to the estate, because

he has "no interest in resisting the order," and "is not a party 'aggrieved' by its passage." *Johns* v. *Caldwell,* 60 Md. 262.

The exact proportion of the estate passing to the surviving and renouncing husband being determined and allowed by the law in spite of the will, it can certainly not be abated by expenses incurred solely for the purpose of upholding the will. If it may be reduced to any extent at all by being charged with such expenses, it might be entirely wiped out where the contest over the will was sufficiently prolonged and expensive.

The *costs* could not be awarded against the appellee, either as a whole or in part, because he was not a party to the caveat, either on the record or by representation, and he was not benefited by its defeat. He could not be burdened, in the final settlement and distribution of the estate, with *counsel fees* incurred by the executor and administratrix *pendente lite* for defending the will, because his interest is independent of and antagonistic to the will and he was not benefited in the slightest degree by the services for which the fees were charged. *B. & O. R. Co.* v. *Brown et al.,* 79 Md. 442; *McGraw* v. *Canton,* 74 Md. 554. Upon no possible principle can the appellee be required to pay for upholding an instrument which he has renounced and to which his interest is opposed.

It is eminently just and equitable that the parties who are interested in and benefited by the will should bear the expense of defending it against the caveat. In fact, *these* parties are not here to complain of the reasonable action of the Orphans' Court in the premises. It is left for the administratrix *pendente lite,* who is utterly devoid of interest in the matter, to increase the costs and delay the settlement of the estate by attempting this appeal.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is taken from an order of the Orphans' Court for Frederick County. On the 4th day of December, 1901, the appellant, Maria L. Grabill, administratrix *pendente lite* of P. Louisa Plummer, deceased, filed a peti-

tion in the Orphans' Court of Frederick County, asking to be allowed in her account as such administratrix a certain sum as reasonable counsel fees for successfully defending in the Circuit Court for Frederick County, a caveat to the will of P. Louisa Plummer, deceased, and "that these fees be paid first out of the *corpus* of the fund."

On the 5th of December, 1901, the appellee, Reuben N. Plummer answered the petition, stating among other things that as the surviving husband of P. Louisa Plummer, he had renounced all interest under the will ; that he was not a party to the caveat proceedings and does not take any interest under the will in controversy ; that his interest in the estate is derived under the law, and "that his portion of the estate ought not to be diminished by being charged with any part of the costs, and expenses incident to the caveat litigation ; that in the final distribution of the estate the counsel fees and costs incurred in defending the will against the caveat should be charged to the interest of the parties taking under the will."

On the 9th day of December, 1901, an order was passed by the Orphans' Court of Frederick County directing that the costs incurred on account of the caveat contest "shall be charged to and paid out of the portion of the estate passing under the will in course of administration and that the portion of the estate to which the surviving and renouncing husband is entitled under the law shall be distributed to him clear of expenses and counsel fees." And it is from this order that this appeal has been taken.

The first question to be considered by us is presented on a motion to dismiss the appeal. There can be no question that this motion must prevail because the appellant, as administratrix *pendente lite* of P. Louisa Plummer deceased, has no interest in the subject-matter of the appeal, and cannot be aggrieved by the passage of the order. *Johns* v. *Caldwell*, 60 Md. 262; *Cecil* v. *Cecil*, 19 Md. 72.

We think, however, the question sought to be raised on this appeal was correctly decided by the Orphans' Court of Fred-

erick County and if the case was properly before us we would affirm the order appealed from. By sec. 292 of Article 93 of the Code it is provided that a widow by renouncing all claim to a devise or bequest of personal property made to her by the will of her husband, she shall be entitled to one-third part of the personal estate which shall remain after payment of his just claims against him and no more. And by sec. 4 of the Acts of 1898, ch. 331, it is provided that the provisions of secs. 291 to 306, both inclusive, of Art. 93 of the Code relating to the rights of widows in the estates of their husbands shall apply to, and be enforced in favor of surviving husbands, so as to give to, vest in and confer upon them the same rights in the estates of their deceased wives which those sections give to, vest in and confer upon widows in the estates of their deceased husbands.

It is quite clear then that the interest which the surviving husband in this case was entitled to receive from his wife's estate was in no way connected with the caveat controversy or dependent upon the wife's will, but was derived from and rested upon, the provisions of the statute.

The appellee was not a party to the caveat contest, but had renounced the will. He received no benefit from the services rendered by the counsel in the case, and his interest in his wife's estate was not affected by the result of the controversy over the will. We are therefore of the opinion that as the interest and estate of the surviving and renouncing husband in the estate of his wife, is fixed and determined by statute, the Orphans Court of Frederick County was entirely right in directing in this case that it should be distributed clear of costs and counsel fees incurred in the caveat contest.

*Appeal dismissed with costs.*

(Decided April 1st, 1902.)