# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 21, 1906.

JOHN L. MATTHEWS ET AL.
VS.
MINNIE TARGARONA ET AL.

*S. S. Field* for plaintiffs.

*William M. Maloy, Malcolm W. Tyson, Gerald Hill* and *Shepherd & Love* for defendants.

STOCKBRIDGE, J.—

The first question to be disposed of in this case is that involved in the motion to dismiss for lack of jurisdiction in the Court.

The plaintiffs claim to be both creditors and legatees of Peter Targarona, deceased, and have filed their bill praying to have their legacies paid in full in preference to other legacies, to determine the nature and extent of the right of the widow, if any, to share in the estate of the deceased, that the Court shall construe the will and take jurisdiction of the administration of the estate.

The first step towards determining the jurisdiction of the Court is to determine the nature of the claim which the plaintiffs seek to establish. if their attitude is that of creditors the Court is clearly without jurisdiction, since they have a full and ample remedy at law for any claim which they may be entitled to assert as creditors.

The prayers of the bill make it plain that the relief asked in this proceeding is in their position as legatees for the amounts of the legacies to them given respectively. As such they are entitled to proceed in a Court of Equity. Code P. G. L., Art. 16, Sec. 93; Coates vs. Mackie, 43 Md., 128; Woods vs. Fuller, 61 Md., 461; and the motion to dismiss must accordingly be denied.

Certain exceptions have been filed to the evidence, but with the attitude of the parties defined, the ruling on these becomes fairly easy.

The objection to the competency of the plaintiffs to testify would have been well taken, if the plaintiffs were seeking to enforce the rights of creditors against the estate, but where they are proceeding as legatees against the administrator c. t. a., and the other legatees under the will the statute does not apply, and the first exception of the defendants will therefore be overruled. The second and third exceptions of the defendants will also be overruled for reasons which will appear later.

The fourth exception of the defendants will also be overruled. The notation of counsel which forms the subject of this exception is a matter which is alleged in the bill, and admitted in the answer of Mrs. Targarona, and being thus admitted by the defendant most interested there can be no objection to its introduction during the progress of the evidence.

The fifth and sixth exceptions of the defendants to testimony will be sustained.

What has already been said in regard to competency applies to the first, second, third and fourth exceptions of the plaintiffs, and those will be accordingly overruled.

The fifth and sixth exceptions will be sustained.

The next question for determination is the right, if any, of Minnie Targarona to share in the estate of the deceased. If this was a proceeding by creditors, her rights would undoubtedly be secondary to theirs, but since in this proceeding they are claiming as legatees the position is somewhat changed. No provision was made for Mrs. Targarona by the will of her husband, and no sufficient binding waiver by her of her marital rights has been shown by the evidence. She is therefore entitled after the payment of debts due by the deceased to her legal share of the estate of her husband ahead of any who claim merely by virtue of a bequest in the will. Griffith vs. Griffith, 4 H. & McH., 101. Hokamp vs. Hagaman, 36 Md., 511.

That is, she is entitled to one-third of the estate after the payment of debts and funeral expenses, and that without being chargeable with any of the expenses of this litigation. Grabill vs. Plummer, 95 Md., 60.

The remaining question in the case is whether the present plaintiffs are entitled to any priority in payment over the other legatees, the children of the testator by reason of services rendered or loans or advances made to the deceased.

The contention on the part of the plaintiffs is that since there was a subsiding indebtedness to them on the part of the testator, recognized by him in his will in the very paragraph which gave the legacies to them, they were thereby constituted creditors in equity, and as such, entitled to a priority as against the children of the deceased,

402

whose legacies are to be regarded as mere bounties. Addison vs. Addison, 44 Md., is relied upon to support this view. Language to that purport is used in that case, but it is used in connection with a legacy to a wife in lieu of her dower. It was a case where the wife had legal rights which she could enforce effectively as against the provision made for her in her will. No such condition exists here. The children of the testator in this case, who, together with the plaintiffs, make up the legatees, have no rights except such as they derive under the will, they are not asked by the will to relinquish any legal right. The two cases are not, therefore parallel.

The real question is, what was the intent of the testator? The evidence shows him to have had great affection for certain, at least, of his children. There is nothing from which any intent can be deduced to deprive them of all interest in his estate for the benefit of these plaintiffs. That the testator largely over-estimated the amount of his estate, and fixed the sums bequeathed on the basis of such over-estimate is apparent, but that cannot affect the situation.

All of the legacies were demonstrative in that they were all to be paid out of the proceeds of a claim against the Federal Government; they were all of a similar character, and the designated fund having proved insufficient, and there being no general estate out of which the shortage can be made good, it follows that all of the legacies must abate proportionally.

A decree will be signed in accordance with the views expressed; costs to be paid out of the estate, after the sum due the widow shall have been ascertained and set apart to her.