## LOUISE B. STUART, ET AL *v.* MARY S. FOUTZ, ET AL.
[No. 35, October Term, 1945.]

*Decided December 17, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*B. Harris Henderson,* with whom were *Venable, Baetjer & Howard* and *John M. Butler* on the brief, for the appellants.

*Charles F. Stein, Jr.,* with whom were *Hennighausen & Stein* on the brief, for the appellees.

MELVIN, J.. (The following opinion prepared by Judge Melvin, was adopted by the Court, after his death, and ordered filed as the opinion of the Court) :

The appellant is the executrix of the last will and testament of the late Glen Stuart, of Baltimore County, and her appeal is from an order admitting that instrument to probate. The record shows that the only question before the Orphans' Court was one relating to the *factum* of the will and that that was decided favorably to the executrix. She is, therefore, not an aggrieved party in interest, and because of that fact is not entitled to appeal from the order in question. The law on this point has long been settled in Maryland. *Johns v. Caldwell,* 60 Md. 259, 262; *Grabill v. Plummer,* 95 Md. 56, 60, 51 A. 823; *Smith v. Warrenfeltz,* 116 Md. 116, 121 81 A. 275; *Warehime v. Graf,* 83 Md. 98, 101, 34 A. 364; *Cecil v. Cecil,* 19 Md. 72, 81 Am. Dec. 626; *Bagby, Md. Law Execs. & Admrs.,* 307; Code (1939 Ed.), Art. 5, Sec. 65.

Although no motion has been made to dismiss the bill, we feel that this is one of those cases where the Court should do so, *sua sponte,* and we, accordingly, so rule. *Powell v. Curtis,* 78 Md. 499, 28 A. 390.

In this connection it is appropriate to add that, apart from the dismissability of the appeal, we find no error in the above-mentioned action taken by the Orphans' Court. According to the record, all that the Court had before it were the simple facts that the executrix (appellant) produced two papers, each purporting to be the last will and testament of Glen Stuart, deceased; that one (dated April 15, 1938) was executed in all respects in conformity with the statute; that, however, it bore some interlineations in pencil which were admittedly placed

there by the testator some time after this will had been executed, without being witnessed or authenticated in any way; that the other of these two papers was dated May 28, 1938, signed by the testator, but had only one subscribing witness. The facts and circumstances pertaining to these interlineations and to the purported will of May 28, 1938, were brought to the Orphans' Court's attention by a petition of the testator's two daughters (the appellees) after a perfunctory order had been passed (March 9, 1945) admitting to probate the first will with the interlineations included as a part of it.

The executrix and the trustees under the will both answered this petition, neither admitting nor denying the allegations, and the Court thereupon heard testimony. This established the facts stated in the petition and caused the rescission of the Court's original order and the passage of another (May 4, 1945), which (1) rejected the second will because it was executed by only one subscribing witness instead of two—an obviously fatal defect, Code (1939), Art. 93, Sec. 336; (2) declared that the "pencil interlineations are not a part of the *factum*" of the will of April 15, 1938; and (3) admitted to probate this last mentioned will without the pencil interlineations.

It is to be noted that all of the aforegoing considerations related solely to the *factum* of the will, and therefore concerned its probate and not its construction or the legal effect of the informal interlineations placed in it after the will had been executed. All matters pertaining to the making of such an instrument come within the jurisdiction of the Orphans' Court which, under our testamentary system, has exclusive jurisdiction in granting or refusing the probate of wills. *Johns v. Hodges*, 62 Md. 525; *Home for Aged v. Bantz*, 106 Md. 147, 152, 66 A 701.

As stated by this Court in *Ramsey v. Welby*, 63 Md. 584: "In the probate nothing is to be determined but what relates to the mere *factum* of the will. *Michael v. Baker*, 12 Md. 158; *Buchanan v. Turner*, 26 Md. 1.

What is the legal effect of its provisions is not involved in that proceeding. Undoubtedly any clause or portion of the paper-writing propounded as a will, may be rejected, if it appears it was not inserted by the testator, or that he had revoked it, or that it was not embraced by the execution." *Home for Aged v. Bantz, supra.*

In the instant case, the portions of the paper-writing of April 15, 1938, "not embraced by its execution" were the pencil interlineations which were admittedly added to the instrument some time after its execution, and, being without authentication were not a part of the *factum* of the will and had no legal effect. Code 1939, Art. 93, Secs. 336, 337; *Pacholder v. Rosenheim,* 129 Md. 455, 99 A. 672, L. R. A. 1917D, 464; *Eschbach v. Collins,* 61 Md. 478, 44 Am. Rep. 123. It was, therefore, the plain duty of the Orphans' Court to reject this portion of the document and to admit to probate only the text established as of the date of execution. Its order to that effect discharged that duty and there is no ground for appeal to this Court.

*Appeal dismissed, with costs.*