PETER HOLLAND, EXECUTOR *v.* RUTH P. ENRIGHT
[No. 41, October Term, 1935.]

*Decided December 5th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John Watson, Jr.,* with whom was *Elmer R. Haile* on the brief, for the appellant.

*Jenifer & Jenifer,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Peter Johnson, late of Baltimore County, died testate, and appointed an executor to whom letters testamentary were granted. After he had qualified and was in the course of his administration, Ruth Pease Enright, one of three grand-nieces, who, with a surviving brother of the testator, were the next of kin and heirs at law, filed a caveat to the will. The caveator was bequeathed a small legacy, and the executor filed exceptions to the sufficiency of the caveat on the ground that the caveator by her deed of release had released the executor not only for the legacy, but also for all claims of every kind against the decedent's estate, and had not shown any ground upon which the release was invalid or inoperative. The caveator's reply admitted the execution of the release, and the payment of the legacy, but denied that it barred her right to caveat the will, because she had executed the release without full knowledge either of the facts and circumstances that related to the mental capacity of the testator when the will was executed, or of the undue influence that might have been practiced upon him, or of the amount and nature of his estate, and her interest therein in the event of an intestacy. She further charged that the executor had full knowledge of these facts and circumstances at the time of the signing and delivery of the release, but had failed to disclose his information to her; and that, by the exercise of ordinary prudence and diligence, she could not have become acquainted with these facts and circumstances. In this pleading, the caveator charged that the binding effect upon her of the deed of release was a primary inquiry that should precede the determination of the issues raised by the caveat, and she, therefore, prayed the Orphans' Court to grant her three issues of fact, and to transmit them to a court of law for trial. The court framed these three issues: (1) whether the caveator had executed the release with full knowledge of the facts and circumstances relating to the mental capacity of the said decedent to execute a valid deed or contract, or was she put on inquiry regarding

same, or could she have, by the exercise of ordinary care and prudence, acquired full knowledge of such facts and circumstances; and (2) whether she had executed it with full knowledge of the facts and circumstances relating to the question of undue influence that may have been exercised and practiced upon the said decedent in connection with the execution of the alleged will, or was put on inquiry or could, by the exercise of ordinary care and prudence, have acquired such knowledge; and (3) whether she executed the release with full knowledge of the amount and character of the estate of the decedent, and of her legal rights in and to this estate, or was she put on inquiry concerning the same, or could she, by the exercise of ordinary care and prudence, have acquired full knowledge of such facts and circumstances. On the same day the petition for these preliminary issues was filed, its copy was served on counsel for the executor, and an order of court was passed directing that the issues prayed should be transmitted to the Circuit Court for Baltimore County for trial. A transcript was prepared, and the issues were transmitted and filed.

The caveatee appeared in the Circuit Court, and filed a motion to strike the proceedings from the files of that court on the grounds: (1) That the deed of release had fully discharged the estate of the decedent from all claims of the caveator; (2) that the pleading of the deed of release in bar of the caveat amounted to a demurrer to the caveat; (3) that the caveator's reply or answer to the pleading of the executor alleged new facts that the executor was entitled to answer; and (4) that the orphans' court had not set down for hearing the caveatee's exceptions nor afforded him an opportunity of pleading to the caveator's petition for issues. The Circuit Court declined to strike the proceedings for the trial of the issues from its files and docket, and the caveatee took an appeal to this court, which resulted in an affirmance of the ruling of the court at *nisi prius*.

After the mandate had been received and filed in the Circuit Court, and before there had been a trial of the

issues from the Orphans' Court, the caveatee moved the court of trial to quash the proceedings then pending on the issues. The motion was accompanied by certified exhibits, and it was based upon the allegations that, upon the motion of the caveatee, the Orphans' Court had, on the petition of the caveatee, by its order of January 22nd, 1935, declared vacated and annulled the issues which had been framed at the instance of the caveator; and had permitted the caveatee to file his answer or exception to the pleading of the caveator on which these issues had been granted, unless cause to the contrary be shown by a rule day, provided a copy of the petition and order *nisi* be served on the caveator or her counsel of record before a fixed date. The notice provided by this order *nisi* was duly served, but the caveator ignored these proceedings and, after the expiration of the specified period, but without obtaining a final order of the Orphans' Court, filed an exception to the pleading of the caveatee in confession and avoidance with reference to her release, on the ground that the reasons set forth by the caveator were not legally sufficient to nullify the release. The caveator demurred to the motion to quash, and the Circuit Court sustained the demurrer, and passed an order finally dismissing the motion. From this order an appeal was taken.

The order of the Circuit Court that the motion of the caveatee to quash be dismissed must be affirmed. The Circuit Court had no jurisdiction over the disposition of the issues transmitted to it from the Orphans' Court except as conferred by the provisions of section 263 and 264 of article 93 of the Code, which prescribed the limits of its authority and defined its procedure. It was so held and clearly declared in the opinion written for the court by Judge Offutt on the former appeal of *Holland v. Enright,* 167 Md. 604, 607, 175 A. 466, 468. Writing with reference to the jurisdiction of a circuit court, it is stated: "Apart from the statute it has no authority. Its function as prescribed by the statute is neither that of an appellate nor strictly speaking that of a court of orig-

inal jurisdiction, but rather that of a tribunal ancillary to the orphans' court, whose aid is invoked for the single purpose of determining issues of fact submitted to it by the orphans' court for its guidance in dealing with some matter before it. The court of law to which they have been transmitted has no concern whatever with anything that transpired in the orphans' court in connection with the framing of such issues. * * * 'These issues were sent from an orphans' court to a court of law for trial; the latter court had nothing to do with the petition and answer upon which the issues were framed. Its province was simply to submit to the jury the determination of the issues without reference to the question whether they were properly presented by the proceedings in the orphans' court.' The circuit court was therefore bound to take the issues as it found them when filed therein, and it had no power to review the proceedings of the orphans' court in respect to them, nor to consider the propriety or the sufficiency of the pleadings upon which they were founded. If either party had desired to raise any question as to the form of the issues, the propriety or regularity of the proceeding in which they were framed, or the sufficiency of the pleadings to support them, it should have done so by appealing from the order granting them, *Little Sisters of the Poor v. Cushing,* 62 Md. 416, 421, Code, art. 5, sec. 64, for it could have been raised in no other way."

Consequently, it would seem clear that, by analogy, the decision on the former appeal would apply to the case at bar, and that the circuit court would have no power to strike from its files the transcript of the record of the issues which had been transmitted and to remove from its docket the pending trial of the issues. Nevertheless the argument here is that the present case is not within the principle enforced in the previous appeal, because the motion to quash was based upon a rescission by the orphans' court of the issues formerly granted by it and transmitted to the circuit court for trial. The complete answer to this contention is that

the orphans' court has not passed a final order revoking the issues which it framed at the instance of the caveator. It passed an order *nisi*. It is true that the time within which the caveator was to show cause did elapse without any action whatsoever having been taken by the caveatee, but the action of the court, and not the passage of time, is required, since the function of an order *nisi* is to provide the necessary basis for the passage of a final order in writing.

The grounds which are alleged in the petition of the caveatee to have rescinded and annulled the order of the orphans' court granting issues for transmission to the circuit court for trial, so that the caveatee may have an opportunity to answer and to propose issues in the premises, are, in substance, that the issues presented by the caveator were granted on the day of their proposal, May 31st, 1933, and the transcript sent to the circuit court and there filed on June 2nd, but that neither the caveatee nor his counsel was aware of the framing, certification, or filing of these issues until after the beginning of the September term, 1933, of the circuit court. However, the docket entries of the orphans' court show that on the day the petition for issues was filed, and before the order was passed on that day framing the issues, one of the attorneys for the caveatee admitted service of the petition. So, the caveatee must be charged with notice of all the proceedings filed before the granting of the issues. From that last day of May until after the September term of the circuit court, neither the caveatee nor his attorneys sought or acquired information of the state of the plenary proceedings. When the caveatee or his counsel did learn of the issues, his relief, on the allegations of their ignorance of the course of the proceedings, was not in the circuit court but in the orphans' court. *Holland v. Enright, supra.*

For the purposes of this appeal it must be assumed to be a fact that the issues were granted, without the knowledge or consent of the caveatee, on the day they were requested, and, so, without an opportunity for the

caveatee to answer or reply, to object to the issues proposed, to offer other issues in the place of those submitted, or to appeal from the action of the orphans' court. As was said in *Bowers v. Cook*, 132 Md. 432, 440, 104 A. 420, 423, in respect to a similar situation: "This is not in accordance with the proper practice in such cases." *Schmidt v. Johnston*, 154 Md. 125, 131-133, 140 A. 87. If the issues were granted improvidently or improperly, the party aggrieved has a right of appeal within thirty days after the order that granted the issues, and not subsequently. By analogy, a petition to rescind the issues so granted must be filed within the same period, unless in the case of fraud, accident, or surprise. *Little Sisters of the Poor v. Cushing*, 62 Md. 416, 421. And, again by analogy, in the event of fraud, accident, or surprise, time should only run as against the prejudiced party from the acquisition or imputation of notice of the granting of the issues. *Supra*, Code, art 57, sec. 14.

However, the caveatee, on the discovery of the issues having been granted, took no action in the orphans' court, but on November 8th, 1933, made a motion in the circuit court to strike the issues transmitted from the files of the court, and to remand them to the orphans' court for further hearing. This motion was lost and, after hearing and appeal, the refusal of the motion by the lower court was affirmed. The mandate of this court was filed in the circuit court on November 23rd, 1934, and on January 22nd, 1935, the caveatee filed in the orphans' court its first proceeding before that tribunal to rescind its grant of issues. A period of inaction in the proper tribunal from at least November 8th, 1933, to January 22nd, 1935, with full knowledge of the circumstances and what issues were framed, under ordinary circumstances, would exceed the limit of time in which the caveatee could have filed his petition for rescission. The language of the court in a similar case is decisive, and pertinent: "The petition for the issue sent to the circuit court was not filed until April 25th, 1916, and the issue was granted by the orphans' court on the same day without, so far as

the record discloses, any notice to the administratrix. This is not in accordance with the proper practice in such cases. The administratrix should have been notified of the issue proposed by the petitioners, and given an opportunity to object to it, or to propose another issue in lieu thereof, and to exercise her right of appeal from the order of the orphans' court in reference thereto. But in this case the administratrix knew that the issue had been granted when the case was called for trial in the circuit court for Baltimore county. She thereafter participated in the trial of the issue in the circuit court for Harford county, and did not file her petition in this case until the 3rd of April, 1917. Under these circumstances, she must be held to have been guilty of such laches as deprived her of any relief she might have been entitled to upon prompt application to the orphans' court, after she became aware of the granting of the issue, or discovered the alleged fraud in procuring the same. *Redman v. Chance*, 32 Md. 42; *Munnikhuysen v. Magraw*, 57 Md. 172; *Pleasants v. McKenney, supra* [109 Md. 277, 71 A. 955]." *Bowers v. Cook*, 132 Md. 432, 440, 441, 104 A. 420, 423. The laches on this record is greater.

The court has fully indicated its views, so that the litigation may be the more quickly brought to a conclusion. While the decision in *Holland v. Enright, supra*, did not approve of the form of the issues granted, it stated that their defects could be corrected by directing the attention of the jury to the necessity of answering severally the different inquiries included in a single issue; and that any factors involved in the question of estoppel, which are not embraced in the issues, might be presented to the orphans' court with the findings of the jury on the issues in the circuit court. 167 Md. 604, pages 609, 610, 175 A. 466.

Since there was no error in the passage of the order from which this appeal is taken, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*