THE LITTLE SISTERS OF THE POOR, AND THE CON-
GREGATION. OF THE MISSION OF ST. VINCENT DE
PAUL OF THE CITY OF BALTIMORE *vs.* JANE CUSH-
ING.

ELIZA JANE CONNOLLY, Executrix of ELIZABETH CUN-
NINGHAM *vs.* JANE CUSHING.

*Caveat to Will—Transmission of· Issues—Parties—Affidavit
to answer—Proof of Relationship of Caveator—Appeal—
Proceedings in the Orphans' Court.*

J. C. filed a caveat to the will of E. C., deceased, and an answer
thereto was filed by the executrix named in the will. The will
had already been admitted to probate and letters testamentary had
been issued to the executrix who had been duly qualified as such.
Issues were prayed by the caveatrix and transmitted to a Court of
law for trial, and the jury found a verdict in favor of the caveatrix.
On a petition filed in the Orphans' Court, after the verdict had been
rendered, by two of the residuary legatees under the will, praying
that the issues transmitted should be rescinded, and on a motion
by the executrix in arrest of the judgment on the verdict, it was
HELD:

1st. That it would have been improper to make the legatees under
the will parties to the caveat.

2nd. That letters testamentary having been granted to the executrix,
she was the proper representative of the estate of the deceased;
and it was her duty to appear to the caveat and conduct the de-
fence.

3rd. That if however good reason had been shown for allowing the
residuary legatees to be made parties defendant to the issues, the
Orphans' Court in its discretion might have so ordered.

4th. But that the caveatrix had no right to file her petition against
them, and make them incur the expenses of litigation, against their
will.

5th. That the Court having directed the issues in the exercise of its
ordinary jurisdiction, it was of no importance whether the resi-
duary legatees acquiesced in the action of the Court or not.

Little Sisters of the Poor, *et al. vs.* Cushing.
Connolly, Ex'x *vs.* Same.

6th. That it was the duty of the executrix to make affidavit to her answer to the caveat; but if the petitioner chose to overlook her omission to do so, and to proceed without probing her conscience by requiring an oath from her, the jurisdiction of the Orphans' Court was not defeated by such waiver of a rule of proceeding.

7th. That the relationship of the petitioner to the testatrix as alleged in her petition, being neither admitted nor denied in the answer of the executrix, wherein it was stated that " she neither admits nor denies the allegations of the said petition in that regard, and puts the petitioner to the proof thereof," no issue as to that question could have been framed on her answer.

8th. That she having failed to require proof of the relationship, to be exhibited as a preliminary to the transmission of issues, the Orphans' Court committed no error in sending out said issues, without being first satisfied of the petitioner's relationship to the deceased.

If issues are granted improperly or improvidently, the party aggrieved has a right of appeal within thirty days after they are granted, and not subsequently. And unless in the case of fraud, mistake or surprise, a petition to rescind them must be filed within the same time.

A residuary legatee cannot as a matter of right file a petition to rescind an order, granting issues in a case where the will has been probated and letters testamentary have been granted; although the Orphans' Court may, in its discretion, permit the proceeding, under the same circumstances that it would allow him to be made a party to issues.

APPEALS from the Orphans' Court of Baltimore City.

The appeal of two of the residuary legatees under the will of Elizabeth Cunningham, deceased, was taken from the order of the Orphans' Court of Baltimore City, dismissing their petition and overruling their motion to rescind and set aside the previous order of the Court granting certain issues at the instance of the appellee, and sending them for trial to the Baltimore City Court, and from the final judgment entered on the verdict of the said Baltimore City Court. The appeal of the executrix was taken from the

27 v. 62.

order overruling her motion in arrest of judgment and
entering final judgment on the verdict of the said City
Court. The case is further stated in the opinion of this
Court.

The cause was argued before ALVEY, C. J., STONE, MILLER,
ROBINSON, IRVING, and BRYAN, J.

*John J. Dobler,* for the appellant, Eliza Jane Connolly,
executrix.

*Harry M. Benzinger,* and *Charles J. Bonaparte,* for the
other appellants.

*Albert Ritchie,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

Jane Cushing filed a *caveat* to the will of Elizabeth
Cunningham, deceased, and an answer thereto was filed
by Eliza Jane Connolly, the executrix named in said will.
The will had already been admitted to probate by the
Orphans' Court, and letters testamentary had been issued
to the executrix, who had been duly qualified as such.
Issues were prayed by the *caveatrix* and transmitted by
the Orphans' Court to a Court of law for trial, and the
jury found a verdict in favor of the *caveatrix.* After the
verdict had been rendered, a petition was filed in the
Orphans' Court by two of the residuary legatees under
the will, praying that the order transmitting the issues
should be rescinded; and the executrix moved the Court
to arrest the judgment on the verdict.

It would have been improper to make the legatees
under the will parties to the *caveat.* Letters testamentary
had been granted to the executrix; and she was the
proper representative of the estate of the deceased; and
it was her duty to appear to the *caveat* and conduct the
defence. The defence of all the interests of the estate is

Little Sisters of the Poor, *et al. vs.* Cushing.
Connolly, Ex'x *vs.* Same.

·confided by the law to the executor. He is the proper representative of the legatees in all legal controversies. Before the probate of the will the position of legatees is essentially different. If, however, good reason had been shown for allowing the residuary legatees to be made parties defendant to the issues, the Orphans' Court, in their discretion, might have so ordered. Cases might arise where it would be highly important to their interests that they should be permitted to take part in defending the will. An executor might be faithless, or incompetent, or wanting in intelligence and energy. Under such circumstances there is no good reason why residuary legatees should not be permitted, if they desire it, to assist in the defence of their own interests.

But the direction of this whole matter is committed exclusively to the discretion of the Orphans' Court. A *caveator* has no right to file his petition against them, and make them incur the expenses of litigation against their will. The issues were ordered in the regular course of the Court, after the *caveat* had been answered by the executrix. Her counsel had a full opportunity to object to the issues, if he had wished to do so; or he might have prayed other issues if he had wished to present other questions for contestation. The executrix was represented by counsel at the trial before the jury, and there seems to have been no objection to the transmission of the issues, until after a verdict had been rendered against the will.

The Court directed these issues in the exercise of its ordinary jurisdiction, and it is of no importance whether the residuary legatees acquiesced in the action of the Court or not. They had no right either to give or to withhold assent to the exertion by the Court of powers, which had been conferred upon it by the law.

It has been objected to the grant of issues that the answer of the executrix was not verified by·oath. This is a singular objection to be made in behalf of the executrix.

Undoubtedly it was her duty to make affidavit to her answer. But if the petitioner chose to overlook the omission, and to proceed without probing her conscience by requiring an oath from her, he certainly did her no injury. Undoubtedly, the jurisdiction of the Orphans' Court was not defeated by this waiver of a rule of proceeding. It has also been maintained that the Orphans' Court ought not to have sent these issues without being first satisfied of the petitioner's relationship to the deceased. The relationship was alleged in the petition as the foundation of the petitioner's right to institute the proceeding. In her answer the executrix pointedly denies several of the averments of the petition; but with respect to the relationship, she says that "she neither admits nor denies the allegations of the said petition in that regard, and puts the petitioner to the proof thereof." If the executrix had desired an issue for the jury on this question, she could have required one to be tried before the others were transmitted to a Court of law. An issue could not have been framed, however, on her answer. An issue is formed by affirming a matter on one side and denying it on the other. This collision of statement is its very substance and essence. The Orphans' Court had before them the affirmative statement of the petitioner asserting her relationship, and no denial by the executrix, while many other averments were pointedly denied. The issues were framed; no point was made by the executrix on the question of relationship; no objection made to the sending of the issues; and no demand by the executrix for any other issue. If the executrix had stated to the Court that she did not require any testimony on the question of relationship, no one could suppose that the Court were not justified in adopting the petitioner's statement. Now she had the opportunity to traverse it, and took particular pains to say that she did not do so; not only failed to intimate that she desired any preliminary proceeding of any kind before the issues

Little Sisters of the Poor, *et al. vs.* Cushing.
Connolly, Ex'x *vs.* Same.

were sent; but appeared at the trial, and made no objection to the transmission of them until the verdict was rendered against her. If she wished an issue for a jury on the question of relationship, we see no reason why she should not have traversed the petitioner's averment on that point, and prayed an issue for a jury. If not desiring an issue for a jury, she wished testimony to be exhibited to the Court as a preliminary to the transmission of issues, we see no reason why she should not have so stated to the Court at the proper time.

We think that the Orphans' Court were right in refusing to rescind the order for issues, and in giving judgment on the verdict of the jury.

We have expressed our opinion on the questions argued at the bar by the learned counsel; but we are not to be considered as intimating that an order granting issues can be assailed in the mode attempted in this case. If they were granted improperly or improvidently, the party aggrieved has a right of appeal within thirty days after they were granted; and not subsequently. And unless in the case of fraud, mistake or surprise, a petition to rescind them must be filed within the same time. And we do not think that a residuary legatee can, as a matter of right, file a petition to rescind an order granting issues, in a case where the will has been probated, and letters testamentary have been granted; although the Orphans' Court may, in their discretion, permit the proceeding, under the same circumstances that they would allow him to be made a party to issues.

The executrix and the residuary legatees took separate appeals. We shall affirm the order of the Orphans' Court in both cases.

*Order affirmed with costs, and
cause remanded.*