WILLIAM CLINTON McSHERRY, ET AL, EXECUTORS, *vs.* BERTHA McSHERRY WIMSATT AND J. ROGER McSHERRY.

*Wills: execution; issues to Court of Law; question of law and fact; form of issues. Mental capacity.*

For issues from an Orphans' Court involving the execution of a will the following is a familiar and approved formula: "Was the paper writing dated ———, purporting to be the last will and testament of ———, signed by her, and was the same attested in due form as required by law?" p. 654

In presenting issues to a jury involving the execution of a will, the better form is to adopt, as nearly as possible, the language of the statute, or else by the insertion of the names, to make the issue as framed a concrete one of fact only. pp. 652, 653

When an issue from the Orphans' Court is so framed as to involve merely a legal question, it becomes the duty of the Court to which the issue was sent, to refuse to submit it to the jury. p. 654

The issue of undue influence or mental capacity is a mixed one of law and of fact. p. 654

While it is better to segregate questions of law from those of fact in all such cases, it is rarely possible to do so on issues relating to undue influence or mental capacity. p. 654

No serious injury can result from mixed issues in such cases since it is the duty of both the Court and counsel to see that the jury is properly instructed. p. 654

*Decided November 22nd, 1911.*

Appeal from the Orphans' Court for Frederick County.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Burke, Thomas, Pattison, Urner and Stockbrige, JJ.

*George Whitelock* (with whom was *W. Irvine Cross* on the brief), for the appellants.

*Leo Weinberg* (with whom was *Frank L. Stoner* on the brief), for the appellees.

Stockbridge, J., delivered the opinion of the Court.

A caveat to the will of Clara L. McSherry was filed by Bertha McSherry Wimsatt, a daughter of the deceased, and shortly thereafter J. Roger McSherry, a brother of the caveator, was, upon his application, permitted to unite with Mrs. Wimsatt in the caveat. Six issues were tendered by the caveators and four by the caveatees. By its order the Orphans' Court of Frederick County directed four issues to be transmitted to the Circuit Court of Frederick county for trial by a jury. The first of these issues was: "1. Was the paper writing dated March 30th, 1910, purporting to be the last will and testament of Clara L. McSherry, signed by her, and was the same executed and attested in due form as required by law?"

This appeal is taken from the order of the Orphans' Court directing the sending of the issues and particularly from that portion which constitutes the first issue, already quoted. This it is earnestly argued on behalf of the appellants, presents a clear question of law, and, therefore, is not in a form proper to be submitted to a jury, and reliance is placed upon the language of this Court in the opinion in the case of *Ward* v. *Poor,* 94 Md. 133. The third issue in the case of *Ward* v. *Poor* was objectionable for several reasons, and, therefore, is not in complete analogy with the present case.

The phraseology adopted by the Orphans' Court of Frederick County is a paraphrase of the language of the Code, Article 93, section 317, and undoubtedly the better form in which to present an issue upon the execution of a will is to adopt as nearly as possible the language of the statute, or

else by the insertion of the names as in the case of *Brewer* v. *Barrett,* 58 Md. 587, to make the issue as framed a concrete one of fact only. A departure from either of these involves the danger of tendering only a question of law, and when an issue is so framed as to involve merely a legal question, it becomes the duty of the Court to which the issue has been sent to refuse to submit it to the jury. *Dronenburg* v. *Harris,* 108 Md. 597.

The issue as worded in the present case is almost a reproduction of the issue upon the question of execution as it was framed in *Munnikhuysen* v. *Magraw,* 35 Md. 280; *Meyer* v. *Henderson,* 88 Md. 585, and *Robinson* v. *Jones,* 105 Md. 64. It is true that in each of these cases there was no question raised as to the form of the issue, that it was in fact agreed to by the counsel in each case; but it is also true that the issue in *Munnikhuysen* v. *Magraw* was specifically considered and approved by this Court, and in view of a long-continued usage, approved in the opinions of our predecessors, with respect to an issue which is frequently, if not generally, a mixed question of law and fact, it can not be said that the Orphans' Court of Frederick County was in error in adopting a familiar and approved formula. Strictly analyzed, the issue of the execution of a will, like that of mental capacity, or undue influence, is partly a question of law and partly a question of fact. While it is generally possible to segregate questions of law from those of fact upon an issue of the execution, and better practice to do so when feasible, it is rarely possible to do so on issues relating to mental capacity or undue influence. No serious injury can result from transmitting mixed issues of law and fact upon these questions, since when the issues are thus complex it is the duty of the Court, no less than counsel, to see that the jury is properly instructed as to the function of that body with reference to its verdict on such an issue. The order of the Orphans' Court will accordingly be affirmed.

> *Order affirmed, costs to be paid out of the estate.*