PETER HOLLAND *v.* RUTH P. ENRIGHT
[No. 56, October Term, 1934.]

*Decided November 23rd, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*John Watson, Jr.,* with whom was *Elmer R. Haile* on the brief, for the appellant.

*Jenifer & Jenifer,* submitting on brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Ruth Pease Enright, on October 8th, 1933, filed in the Orphans' Court of Baltimore County a caveat to the will of one Peter Johnson, against Peter Holland, the executor named in the will, to whom letters testamentary on the estate had been granted. In that caveat she stated that the heirs at law of the decedent were a brother, Evan Johnson, and three great-nieces, of whom she was one, and then set up the grounds usually alleged in such cases as reasons why the will should be set aside.

Under that will Ruth Enright, the caveator, was entitled to a legacy of $166.67, and on February 11th, 1933, the executor filed exceptions to the sufficiency of the caveat on the grounds "that said Ruth P. Enright, by a release under her hand and seal, dated the 18th day of June, 1932, the original of which is filed in this court, and a copy whereof is hereto appended as a part hereof, released your petitioner not only for the legacy bequeathed to her by said Will, but also released in full all claims against the estate of said deceased on any and every account whatsoever; and that in said petition and caveat,

said Ruth Enright has not stated any reasons why, after having executed and delivered said release, she should be permitted to file said caveat." The caveator, in a paper called an "Answer and Petition," answered the exceptions, admitted the execution of the release and that she had received the amount due her under the will, but by way of avoidance said that she had done so "without the full knowledge" of the facts and circumstances relating to the mental capacity of the said Peter Johnson at the time the will was signed, or of the undue influence which may have been practiced upon him, or of the amount and character of his estate, and without knowledge of her legal rights therein; that all such facts and circumstances were "within the knowledge and control of the said Executor, Peter Holland and his attorneys"; that Holland failed in any way to disclose that knowledge; and that she "could not have, by the exercise of ordinary prudence and diligence, become acquainted with the facts regarding same." She further alleged that, before the caveat proceedings were tried, it was necessary to dispose of the preliminary question of whether Ruth Pease Enright was estopped from prosecuting the caveat. Accordingly she asked the orphans' court to transmit to a court of law for trial three issues of fact (1) whether the caveator had executed the release with full knowledge of the facts and circumstances relating to the mental capacity of the said Peter Johnson, deceased, to execute a valid deed or contract, or was she put on inquiry regarding same, or could the said Ruth P. Enright have, by the exercise of ordinary care and prudence, acquired full knowledge of such facts and circumstances; (2) whether she had executed it with "full knowledge of the facts and circumstances relating to the question of undue influence that may have been exercised and practiced upon the said Peter Johnson, deceased, in connection with the execution by him of the said alleged Will heretofore filed and admitted to probate in the Orphans' Court of Baltimore County, or was she put on inquiry regarding same or could the said Ruth P. Enright have, by the exercise of

ordinary care and prudence, acquired full knowledge of such facts and circumstances"; and (3) whether she executed it with full knowledge "of the amount and character of the Estate of the said Peter Johnson, deceased, and with full knowledge of her legal rights in and to said estate, or was she put on inquiry regarding same or could the said Ruth P. Enright have, by the exercise of ordinary care and prudence, acquired full knowledge of such facts and circumstances."

That petition was filed on May 31st, 1933, and on the same day a copy was served upon counsel for the caveatee, and also, on the same day, the court passed an order directing that the issues prayed be sent to the Circuit Court for Baltimore County to be tried and determined by a jury under the direction of that court. The papers were accordingly transmitted, whereupon the caveatee filed in that court a motion to strike the "case" from the files, on the grounds (1) that by the release referred to in its exceptions filed in the Orphans' Court of Baltimore County on February 11th, 1933, the caveator had released the estate from all claims against it; (2) that the "Exceptions" amounted to a demurrer to the caveat; (3) that caveator's answer thereto made allegations of new facts which the caveatee was entitled to answer; (4) that the court neither set down for a hearing the caveatee's exceptions, nor afforded him an opportunity of answering the "Answer and Petition." Upon that motion the court refused to strike the "case" from the files, and this appeal is from that order.

The issues were transmitted to the Circuit Court for Baltimore County under the power and authority of sections 263 and 264, article 93, Code, which limit its jurisdiction and direct its procedure. Apart from the statute it has no authority. Its function, as prescribed by the statute, is neither that of an appellate nor, strictly speaking, that of a court of original jurisdiction, but rather that of a tribunal ancillary to the orphans' court, whose aid is invoked for the single purpose of determining issues of fact submitted to it by the orphans' court for its guid-

ance in dealing with some matter before it. The court of law to which they have been transmitted has no concern whatever with anything that transpired in the orphans' court in connection with the framing of such issues. As stated in *Cook v. Carr*, 20 Md. 410: "The construction of the Act of 1798, ch. 101, sub-ch. 15, secs. 16 and 17, and sub-ch. 8, sec. 20, providing for making up and transmitting issues, given in the case of *Pegg v. Warford*, 4 Md. 385, warrants the conclusion that there can be no modification of issues after they have been sent from the Orphans' Court. The issues as transmitted present all the questions, and of necessity the only questions, the jury can try, and neither party has any power, by plea or otherwise, to change or qualify them"; and, as restated in *Cooke v. Cooke*, 29 Md. 552: "These issues were sent from an Orphans' Court to a court of law for trial; the latter court had nothing to do with the petition and answer upon which the issues were framed. Its province was simply to submit to the jury the determination of the issues without reference to the question whether they were properly presented by the proceedings in the Orphans' Court." The circuit court was therefore bound to take the issues as it found them when filed therein, and it had no power to review the proceedings of the orphans' court in respect to them, nor to consider the propriety or the sufficiency of the pleadings upon which they were founded. If either party had desired to raise any question as to the form of the issues, the propriety or regularity of the proceeding in which they were framed, or the sufficiency of the pleadings to support them, it should have done so by appealing from the order granting them (*Little Sisters of the Poor v. Cushing*, 62 Md. 416, 421; Code, art. 5, sec. 64), for it could have been raised in no other way.

Unless therefore the issues were wholly and palpably immaterial (*Robinson v. Jones*, 105 Md. 71, 65 A. 814), or submitted an unmixed question of law (*Dronenburg v. Harris*, 108 Md. 617, 71 A. 81), or were for some reason so defective that no reasoned verdict could be rendered in respect to them, it was the imperative duty of the court to submit them to a jury, for the circuit court "had no

original jurisdiction in the premises. It was not acting in the exercise of its oridinary powers as a court of general jurisdiction. It could not remodel the issues, or change them in any particular. *Pegg v. Warford*, 4 Md. 395; *Cook v. Carr*, 20 Md. 410. The power of the court and its duty was to see that a verdict, upon the issues propounded for inquiry before a jury was reached by legal steps, and competent and legal evidence. It was the province of the court to decide all questions necessarily incidental to the bringing to trial and verdict; and when a verdict was obtained, to certify it to the Orphans' Court, whence the issues came." *Diffenderffer v. Griffith*, 57 Md. 81; *Joseph on the Contest of Wills*, 16; *Bagby, Md. Law of Excrs. and Admrs.*, sec. 160; *Schmidt v. Johnston*, 154 Md. 133, 140 A. 87.

But in this case it cannot be said that the issues submitted were wholly immaterial, that they submitted a question of law, or that no reasoned verdict could be rendered in respect to them. They are indeed duplicitous, and constantly confound actual with constructive knowledge, but that defect presents no such insuperable difficulty as cannot be overcome by proper instructions to the jury. The issues submitted are purely questions of fact, and whether the caveator, when she signed the release, actually knew or should have been charged with knowledge of such facts that the decedent was mentally incompetent at the time he signed the will, or that it was procured by undue influence, or of the size and character of the estate and of her legal rights therein, all of which are material in considering whether she was estopped by the release from attacking the will. *Schmidt v. Johnston, supra.* If the form of the issues were properly before us for review, it would not be approved because of their duplicitous character, but that objection is one of form only which can be corrected by directing the attention of the jury to the necessity of answering severally the different inquiries included in a single issue.

While we have said that the issues are material, we are not to be understood as holding that the answers thereto

610

will conclusively decide the question of estoppel, for that may involve factors not included in the issues, but merely that they are material to a consideration of that question by the orphans' court. *Schmidt v. Johnston, supra.*

It follows that the order appealed from must be affirmed.

*Order affirmed, with costs.*