EARL A. FORSYTHE, CO-EXECUTOR, ETC. *v.* WALTER BAKER, CO-EXECUTOR

[Nos. 5 and 19, October Term, 1941.]

*Decided December 15, 1941.*

Reargument denied January 21, 1942.

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Harold H. Hoffman* and *Edward Oswald,* for the appellant.

*C. Walter Baker,* with whom were *Wagaman & Wagaman,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

In January, 1940, C. Walter Baker, one of the executors of the estate of Andrew J. Forsythe, deceased, filed a petition in the Orphans' Court of Washington County alleging that Earl A. Forsythe, his co-executor, had failed to report certain assets of the estate. After a plenary proceeding, the Orphans' Court dismissed the petition. On December 17, 1940, an appeal from its decision was dismissed by the Court of Appeals. *Baker v. Forsythe,* 178 Md. 682, 16 A. 2d 921.

On January 4, 1941, the Orphans' Court framed a similar issue, whether Forsythe was withholding any assets of the estate, for transmission to the Circuit Court for Washington County for trial by jury.

From its order framing the issue, Forsythe entered an appeal, which appears undated, with the understanding that he would countermand it if the Orphans' Court revoked its order. On March 3 the Register of Wills sent a transcript of the record of proceedings to the Court of Appeals. By requirement of our statute, any appeal from an order or decree of an Orphans' Court to the Court of Appeals shall be entered within 30 days after the date thereof, and the Register of Wills shall transmit a transcript of the record within 30 days after the appeal prayed. Code, 1939, Art. 5, Sec. 66. If we accept January 31 as the date of the praying of the appeal, as averred by the appellant, the record was not transmitted in due time; whereas if we accept March 3 as the date when the appellant entered his appeal, then he failed to enter it in due time. When the transcript of the record is not sent within the time specified in the statute, the Court of Appeals will dismiss the appeal, unless the appellant shows that the delay was due to neglect or inability of the Register of Wills. A party cannot file more than one order of appeal so as to stretch the statutory period in which an appeal can be filed or the record can be transmitted. As the appellant failed to comply with the provisions of the statute in this case, and it appears that there was no delay on the part of the Register of Wills, the appeal from the Orphans' Court must be dismissed. *Holt v. Stephen*, 156 Md. 700, 144 A. 257; *Brinsfield v. Mather*, 166 Md. 473, 478, 171 A. 357, 359.

In the second of these appeals, it is shown that the Orphans' Court summarily granted the issue while Forsythe, appellant, was at his home in Texas and his attorney was ill in a hospital. On February 14 the Orphans' Court revoked its order granting the issue. The Circuit Court, while recognizing that the issue had been heard in the Orphans' Court, overruled a motion to dismiss the proceedings and a motion to strike the case from the files. The question for us to decide is whether the Circuit Court is obliged to try the issue which the Orphans' Court framed and transmitted. The Legislature, in

establishing the Orphans' Court system in the State following the adotion of the Constitution of 1776, empowered each Orphans' Court to direct any issue to be tried by plenary proceeding and to call a jury of twelve freeholders of the county to assist in the determination of the issue. Acts of 1777, Feb. Sess., ch. 8. In 1798 the Legislature revised the law by requiring the Orphans' Court, at the election of either party to a controversy, to direct issues to be sent to any court of law that might be most convenient for the trial thereof. Act of 1798, ch. 101. One of the sections of the present statute provides that whenever an administrator (or an executor, *Linthicum v. Polk*, 93 Md. 84, 91, 48 A. 842) alleges that any person is concealing any part of his decedent's personal estate, the Orphans' Court shall compel an answer under oath and, if satisfied upon an examination of the whole case that the party charged has concealed any part of the estate, may order the delivery thereof to the personal representative; conversely, under the next section, whenever any person interested in a decedent's estate alleges that the personal representative is concealing or withholding any part of the estate, the Orphans' Court, in the event that it decides in favor of the petitioner, shall order an additional inventory or list of debts to be returned to comprehend the assets omitted. On request of either party to a controversy under either of these sections, the Orphans' Court is required to cause an issue or issues to be made up and sent to the Circuit Court for the County, or to the Superior Court of Baltimore City, the Court of Common Pleas, or the Baltimore City Court, as the case may be, to be there tried and disposed of as other issues from the Orphans' Court. Code, 1939, Art. 93, Secs. 252, 253, 254.

In the conduct of a trial of issues propounded by an Orphans' Court, the authority of the court of law is limited to the grant of power from the Legislature. The province of the trial court, when its aid is invoked as a tribunal ancillary to the Orphans' Court, is merely to submit the issues of fact to the jury in accordance with

legal procedure and upon competent evidence, and upon rendition of the verdict to certify it to the Orphans' Court. *Cooke v. Cooke,* 29 Md. 538, 552; *Diffenderffer v. Griffith,* 57 Md. 81, 84. Chief Justice Taney said in an opinion on the subject in 1848: "The certificate from the Circuit Court is nothing more than evidence of the finding of the jury upon the trial of the issue. It merely certifies a fact, that is to say, that the jury had so found. * * * A verdict in any court of common law, if not set aside, is in all cases conclusive as to the fact found by the jury, and the judgment of the court must follow it; as the Orphans' Court must follow the verdict in this case." *Van Ness v. Van Ness,* 6 How. 62, 68, 12 L. Ed. 344, 347. The law is now firmly established in this State that the Orphans' Court is bound to accept the findings of the jury as conclusive, and to make them effective by proper order or decree. Code, Art. 93, Sec. 265; *Flaks v. Flaks,* 173 Md. 358, 365, 196 A. 116.

It is also well settled that after issues have been sent to a court of law for trial, the Orphans' Court has no right to revoke or modify them, for the functions of the Orphans' Court are suspended until the verdict of the jury is certified and returned by the trial court. *Pegg v. Warford,* 4 Md. 385, 396; *Schmidt v. Johnston,* 154 Md. 125, 133, 140 A. 87, 90; *Greenhawk v. Quimby,* 168 Md. 396, 177 A. 537; *Baldwin v. Hopkins,* 172 Md. 219, 232, 191 A. 565, 571. Moreover, the law court wherein issues are pending has no power to review the proceedings of the Orphans' Court wherein the issues were framed, or to consider the sufficiency of the pleadings upon which the issues were founded. Unless the issues are wholly immaterial, or contain solely questions of law, or are for any reason so defective that no reasoned verdict could be rendered upon them, it is the imperative duty of the trial court to submit the issues to the jury. The general rule has been adopted that the trial court has no right to revoke or modify issues after they have been transmitted by the Orphans' Court. Of course, any issues may be abandoned in the trial court by consent of the

parties to the proceeding. *Pegg v. Warford,* 4 Md. 385, 396. But if either party desires to raise any question as to the propriety or regularity of the proceedings by which the issues were framed, or the sufficiency of the pleadings to support the issues, he can do so only by taking an appeal from the framing order to the court of appeals, for the question can be raised in no other way. *Holland v. Enright,* 167 Md. 604, 608, 175 A. 466, 468; *Holland v. Enright,* 169 Md. 390, 395, 181 A. 836, 839.

Therefore, we have no other course than to affirm the action of the Circuit Court in refusing to dismiss the proceedings and to strike the case from its files.

*Appeal from the Orphans' Court in No. 5 dismissed, with costs.*

*Orders of the Circuit Court in No. 19 affirmed, with costs.*