## HARRY E. GOERTZ *v.* ELLA H. McNALLY ET AL.

### [No. 6, October Term, 1945.]

*Decided November 1, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*Joseph Loeffler,* with whom was *Bernard J. Mediary* on the brief, for appellant.

*C. Arthur Eby,* with whom was *N. Irvin Gressitt* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

John George Ebelke died December 29, 1943, leaving a purported will and codicil which were duly admitted to probate by the Orphans' Court of Baltimore City. A petition and caveat was filed by certain relatives alleging among other things that the execution of both these paper writings was procured by undue influence exercised and practiced upon the decedent. The executor

filed an answer denying these allegations, to which replication was filed, and thereafter the Orphans' Court signed an order framing issues and sending them to the Superior Court for trial. The case was duly set for trial in the Superior Court on November 1, 1944, but it being represented to the court that the appellees proposed to file a petition for additional issues in the Orphans' Court, the case was postponed. On the same day the appellees filed an additional petition and caveat in the Orphans' Court, in which they alleged that since the filing of the original petition and caveat, they had discovered evidence that items 3, 4, 5, and 18 of the will, and the residuary clause of the codicil, were procured by undue influence. The appellant filed an answer denying the allegations of undue influence and prayed the dismissal of the additional petition and caveat. The appellees then filed a petition praying that the additional petition and caveat be treated as an amendment to the original petition and caveat, and obtained an order of Court granting this prayer. A petition framing two additional issues was then filed by the appellees, and an answer objecting thereto was filed by the appellant. On March 5, 1945, the Orphans' Court passed an order granting the additional issues and sending them to the Superior Court for trial. These issues raised the questions as to what parts, if any, of the paper writings purporting to be the will and codicil, respectively, were procured by undue influence. The executor appeals to this Court from the order of March 5, 1945.

In the purported will the testator made specific bequests in items 1 and 2 to his brother Joseph and his nephew Henry DeBoer. By the third item, he made a bequest to his niece Lilliam M. Schneider; by the fourth and fifth items, he devised his dwelling and a ground rent to Lillian M. Schneider and her husband. By item 18, he left the residue of his estate one-half to his brother Joseph and one-half to his niece Lillian M. Schneider and her husband. In the twelve other items he made bequests to certain charities.

In the purported codicil, after reciting the death of his brother Joseph, he revoked items 1 and 18, and substituted a residuary clause leaving one-third of the residue to his nephew Henry DeBoer, one-third to his niece Lillian M. Schneider, and one-third to her husband.

Under the original issues as to undue influence, it would be incumbent upon the jury to find either that the entire will and codicil were valid or that they were invalid, whereas under the additional issues the jury could find that some items were valid and others invalid, according to the evidence produced. Thus the additional issues are broader than the original ones. It is true that under the additional issues the jury might find all parts of the will and codicil invalid, and in that event the answers to all the issues would reach the same result, but this possibility presents no practical difficulties. Even in a case where issues are completely duplicitous the answers can be molded, under appropriate instructions from the trial court, so as to effectuate the jury's ultimate finding of fact. *Holland v. Enright,* 167 Md. 604, 175 A. 466.

The propriety of framing issues in the Orphans' Court as to partial invalidity was recognized by this Court in the case of *Munnikhuysen v. Magraw,* 35 Md. 280. In that case the caveator had proposed an issue as to whether the contents of the will were actually known to the testatrix when she executed it; the caveatee proposed an issue as to whether a part of the contents were known to the testatrix. It was said that "it was certainly proper that the caveatee should have been allowed to present to the jury the distinct question as to what part or parts of the will (if any) were unknown to, or misunderstood by the testatrix, at the time it was executed." The reason for the ruling was clearly stated as follows: "otherwise, the jury might find * * * in favor of the caveators, by reason of any one of the provisions of the will, being misunderstood by the testatrix, or being contrary to her instructions, although all the rest of the will might be free from such objection; and

thus the whole will be set aside on account of some trivial error or mistake of the draftsman in any one of its provisions." The court further said: "In our opinion the issues proposed by the caveatee are not substantially the same as those presented by the caveators."

In the case of *Griffith v. Diffenderfer*, 50 Md. 466, issues involving fraud and undue influence were sent to the law court for trial. This court said: "It was also urged, that the several prayers offered by the plaintiffs were erroneous, because they assume if fraud was practiced upon the testatrix in making her will and codicil, the entire will and codicil were void, although it might appear from the evidence, that the fraud affected only certain parts of the will and codicil. And it was insisted, that if the fraud did not affect the entire will and codicil, the jury by their verdict should have segregated the parts thus affected by the fraud. * * * The issues before the jury were, whether the will and codicil were procured by fraud? And their verdict must of course be responsive to these issues. Where a will is assailed on the ground of fraud and undue influence, if it is proposed that the jury shall find whether such fraud and undue influence affects the whole will or certain parts only, and what parts, it seems to us, there ought to be a separate issue framed presenting directly that question to the jury."

In the case of *Fisher v. Boyce*, 81 Md. 46, 31 A. 707, 708, the Court again sanctioned the practice of allowing issues to be so framed as to contest the validity of certain parts of a will, but pointed out that "if not properly guarded, it is quite well calculated to destroy the harmony of a testator's dispositions, and cause his will to directly misinterpret his just intentions." The issue in that case was condemned on the ground that it did not present a proposition distinct and severable, but was interwoven with the general scope and purpose of the leading provisions of the will. The particular clause in question dealt with advancements to the residuary lega-

tees in order to promote equality in the final disposition of the estate.

In *Lyon v. Townsend*, 124 Md. 163, 91 A. 704, this Court approved the right of a jury to set aside as invalid the residuary clause of the testatrix' will while upholding the other parts thereof, under issues similar to those suggested in the Munnikhuysen case, *supra*.

These rulings are in accord with the great weight of authority in other states. In 1 *Page on Wills* (Lifetime Ed.), Section 193, p. 390, it is said: "Where it can be shown that a part of the will was caused by undue influence, and that the rest of the will was not caused thereby, and the part of such will caused by undue influence can be separated from the rest, leaving it intelligible and complete in itself, it is held in most states, that only such part of the will as is caused by undue influence is invalid, and the rest is valid." See the cases collected in a note, 69 A. L. R. 1129.

The appellant does not challenge the authority of the Orphans' Court to frame issues as to partial invalidity in an appropriate case, but he contends that the issues must conform to the pleadings in the Orphans' Court, and that the appellees cannot attack the testamentary dispostions both in whole and in part; and if the attack is upon only a part, the particular part must be specified. He further contends that after transmission of issues the Orphans' Court cannot revoke or modify them, and that the petition for additional issues came too late.

This Court has recognized that issues must be framed in accordance with the matters set forth in the petition and answer. *Hamill v. Hamill*, 162 Md. 159, 159 A. 247, 82 A. L. R. 878. In *Grosse v. Burneston*, 91 Md. 383, 46 A. 993, it was held that where the only averments related to the whole will, there could not be an issue framed under the pleadings as to partial invalidity. But where, as in the case at bar, an amendment was asked, and granted, to the original caveat, this requirement is met. We do not find in the decisions of this Court any requirement that the parties, or either of them, must

elect as between invalidity in whole, or invalidity in part. On the contrary, the decisions support the proposition that such allegations may be framed in the alternative. While the form of the issue as to partial invalidity is somewhat broader than the allegations of the second petition and caveat, the use of this form is supported by established practice.

This Court has said that issues cannot be revoked or modified by the Orphans' Court after their transmission to a court of law for trial, on the ground that the functions of the Orphans' Court are suspended until the verdict of the jury is certified and returned by the trial court. To determine the scope of this rule, it is necessary to examine the cases narrowly. Because of the division of authority in this field between the Orphans' Courts and the courts of law, procedural distinctions have been drawn in regard to each step in the process of adjudication. Framing of issues is the sole concern of the Orphans' Court, with a direct right of appeal to this court; the trial court has no authority to alter the issues submitted to it. On the other hand, after a finding by the jury in the trial court, subject to a further right of appeal, the Orphans' Court is bound to put it into effect.

In *Pegg v. Warford,* 4 Md. 385, two wills were produced and filed in the Orphans' Court, and there were three sets of caveators, whose interests were not identical. After issues had been framed and sent to the law court, one set of caveators filed a petition praying that new issues be framed. This was resisted by the executor, and there was an appeal from the order of the Orphans' Court dismissing the petition. This Court said: "when a question is once submitted, so far as it is concerned, the functions of the orphans court are suspended until the finding of the jury be certified * * *." The Court, held however, that the appellants were entitled to an issue of mental capacity as to the earliest will, not covered by the issues already sent up, and that the Orphans' Court had power, in their order awarding it, to direct that it

be tried at the same time and before the same jury "which shall act upon the issues already transmitted." The Court further said: "A party has a right to require an issue up to the time of final adjudication." It is implicit in the decision that while the Orphans' Court cannot revoke or remodel issues once transmitted, it can frame additional issues which do not embrace substantially the same question. We find nothing in the cases of *Baldwin v. Hopkins*, 172 Md. 219, 232, 191 A. 565, and *Forsythe v. Baker*, 180 Md. 144, 149, 23 A. 2d 36, at variance with this conclusion.

In *Cook v. Carr*, 20 Md. 403, issues framed in the Orphans' Court raised the questions whether an administrator was indebted to an estate, and in what amount. After a plea of limitations had been rejected, the administrator moved for a continuance on the ground of an application then made to the Orphans' Court to send another issue to be tried with the issues then pending, which motion the court overruled. This Court said: "The affidavit of the appellant upon which that motion was based, shows that the issue prayed in the Orphans' Court was not a separate and independent issue, but one intended to change or qualify the issues then pending in the Superior Court, and as the Court of Appeals said in *Pegg v. Warford* [*supra*], that it 'did not regard the Orphans' Court as having power to revoke or remodel issues after they have been transmitted,' we must hold that no sufficient cause of continuance was shown."

In *Tabler v. Tabler*, 62 Md. 601, where an application for a second set of issues was denied by the Orphans' Court, the application was not made until after a verdict of a jury invalidating the will had been rendered upon the first set of issues. The second set sought to raise a question of partial invalidity. This Court said (62 Md. at page 614), referring to *Pegg v. Warford, supra:* "We find nothing in any of the language used in this carefully prepared opinion of our predecessors, which countenances the idea that they intended to say

that a set of issues raising the question of capacity as to a whole paper could be tried, and then followed by another set, raising the same question as to a part of the same paper, to be tried before another jury; and we are clearly of the opinion that if the question of capacity is once raised in a case like the present, the issues must be so framed in the first instance as to present it, so far as the law will permit, in every aspect of the paper which the circumstances demand or the parties desire. There ought not to be successive sets of issues involving that question and successive trials of it." Compare *Bowers v. Cook,* 132 Md. 432, 439, 104 A. 420.

The Tabler case definitely holds that an issue as to partial invalidity cannot be passed upon by a different jury, after trial of an issue as to invalidity as a whole, but the case does not hold that an issue as to partial invalidity is not sufficiently distinct and severable to permit it to be submitted to the same jury. It cannot be denied that the additional issues granted in the order appealed from would have been proper issues if they had been framed pursuant to allegations in the original caveat. We see no objection to their being brought into the case pursuant to amendment of the original caveat before trial of the issues originally framed.

*Order affirmed, with costs.*