## FIDELITY TRUST CO. *v.* HENRY S. BARRETT, ET AL.

[No. 134, October Term, 1945.]

484

*Decided May 17, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Charles G. Page*, with whom were *Frederick J. Singley* and *James T. Carter* on the brief, for the appellant.

Submitted on brief by *Harry Singerman* and *Charles J. Levy* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Miss Elizabeth V. Denby, of Baltimore, died on April 23, 1944, leaving a purported will which was offered for probate in the Orphans' Court of Baltimore City by Fidelity Trust Company. On June 23, 1944, five next of kin, Henry S. Barrett, Frederick R. Barrett, Mrs. Florence Mills, Miss Mary Toner and Mrs. Florence Starlings, filed a caveat alleging (1) that the will was not validly executed, and (2) that it was revoked. The trust company answered that the will, written entirely in the handwriting of the testatrix, was executed in accordance with the law of Maryland, and had not been revoked. Frederick J. Singley, attorney, of Baltimore, also filed an answer to the petition in view of the fact that in the final provision of the will appointing the trust company executor, a line is drawn through the words "The Fidelity Trust Co." and above them are interlined the words "Frederick J. Singley, attorney." Lines have also been drawn through the first seventeen items of the will, and there are some interlineations. In item 18, which makes a bequest to the Epileptic Home at Port Deposit, Maryland, the amount of the bequest was apparently changed from $2,000 to $1,000. In item 19, giving the residue to St. Mark's English Lutheran

Church Trust Fund of Baltimore, and National Lutheran Home for the Aged, of Washington, a line is drawn through the word "Trust," and the word "Endowment" is interlined. Singley, in his answer, declares that the alteration is inoperative and Fidelity Trust Company has been validly appointed executor.

On May 15, 1945, the caveators asked the Orphans' Court to send five issues to a court of law for trial by a jury: (1) whether the will was signed by Miss Denby and attested and subscribed in her presence by two credible witnesses; (2) whether it was read to her before she executed it, (3) whether it was rejected by her, (4) whether it was revoked by her, and (5) whether it is in fact her will. On May 22, 1945, the trust company asked the court to send five issues: (1) whether the will was signed by Miss Denby and attested and subscribed in her presence by two credible witnesses, (2) which, if any, of the lines and interlineations were made before the will was executed, (3) whether the will was without lines and interlineations at the time it was executed, (4) which portions, if any, were revoked after it was executed, and (5) whether the text as it was at the time of the execution is her will. On December 21, 1945, the court refused the trust company's issues, and ordered that the following issues be sent to the Baltimore City Court for trial: (1) whether the will was executed by Miss Denby and attested and subscribed in her presence by two credible witnesses, (2) whether the will was revoked by her, and (3) whether it is in fact her will. The trust company is appealing from that order.

The Legislature of Maryland, in establishing the Orphans' Court system in the state following the adoption of the Constitution of 1776, empowered each Orphans' Court to direct any issue to be tried by plenary proceeding and to call a jury of twelve freeholders of the county to assist in the determination of the issue. Acts of 1777, Fed. Sess., Chap. 8. The plan was borrowed from the Court of Chancery. *Pegg v. Warford*, 4

Md. 385, 393; *Forsythe v. Baker,* 180 Md. 144, 149, 23 A. 2d 36. The statute now provides that the Orphans' Court, upon application of either party in any case of controversy therein, may direct a plenary proceeding by bill or petition, to which there shall be an answer under oath; and in such a proceeding the court, upon request of either party, shall direct an issue or issues to be made up and shall send the same to any court of law convenient for trial; and upon the bill and answer and the finding of the jury the orphans' court shall enter its judgment or decree. Code, 1939, Art. 93, Secs. 264, 265; *Sumwalt v. Sumwalt,* 52 Md. 338, 346; *Schmidt v. Johnston,* 154 Md. 125, 133, 140 A. 87. An issue is a single, definite, and material question framed from the allegations of a petition and the answers thereto. *Ward v. Poor,* 94 Md. 133, 50 A. 572. Before a proposed issue is acted upon, the orphans' court must determine (1) whether it has jurisdiction of the subject, (2) whether the question raised by the issue is properly before the court, and (3) whether the issue is relevant and material to the question before the court. If the court has no jurisdiction of the subject, or the question is not properly before the court, or the issue is irrelevant or immaterial, then it is the duty of the court to refuse to send it to a court of law for trial. *Bridge v. Dillard,* 104 Md. 411, 421, 65 A. 10. Moreover, after an issue has been awarded at the instance of one party, it is improper to award the same issue at the instance of another party. There is obvious impropriety in multiplying the issues unnecessarily, and especially in presenting the same substantial question in two separate and distinct issues. *Sumwalt v. Sumwalt,* 52 Md. 338, 346.

The contention of the trust company is that, since the jury will be called upon to determine the validity of the will as a whole, they should also determine at the same time whether the lines and interlineations were made before or after the execution of the will. Ordinarily the legal effect of cancellations and interline-

ations in a will is no part of the *factum* of the will, and is not determined by the probate of the will, but is a question of construction, which is not as such within the jurisdiction of the orphans' court. *Ramsey v. Welby,* 63 Md. 584, 586; *Home for the Aged v. Bantz,* 106 Md. 147, 66 A. 701; *McLaughlin v. McLaughlin,* 186 Md. 165, 46 A. 2d 307. However, any portion of a will offered for probate may be rejected if it clearly appears that it was not inserted by the testator, or that he revoked it, or that it was not embraced within the will at the time of its execution. *Stuart v. Foutz,* 185 Md. 401, 45 A. 2d 98.

On this appeal the trust company maintains that the will should be probated in its original form without any lines or interlineations. There is no question that after a will has been properly executed, nothing can render it inoperative except a revocation of it. *Brewer v. Barrett,* 58 Md. 587, 592; *Taylor v. Nuttle,* 62 Md. 342, 346. It has been held that even the cancellation of the signature on a will does not amount to a revocation unless done *amino revocandi. Home for the Aged v. Bantz,* 106 Md. 147, 66 A. 701. It is true that the orphans' court may frame issues upon proper pleading as to the invalidity of any portion of a will, and any portion may be rejected on showing that it was not embraced within the will at the time of its execution. *Goertz v. McNally,* 185 Md. 170, 44 A. 2d 446; *Stuart v. Foutz,* 185 Md. 401, 45 A. 2d 98. But in this case the caveators are assailing the will in its entirety. They make no allegation in their petition that any particular portion of it was revoked. They definitely admit in their brief filed in this court that they are not concerned with the effect of the lines and interlineations in any way except insofar as they may indicate an intention to revoke the will. We, therefore, find no error in the order of the orphans' court sending the three issues to the Baltimore City Court for trial and rejecting the issues relating to the lines and interlineations, for there is nothing in the pleadings on which to base such issues. Only questions of fact which are prop-

erly in issue between the parties in the orphans' court should be sent to a court of law for trial upon request of either party. An issue cannot be made up in any way except upon affirmative averment on one side and denial thereof on the other. This collision of statement is its very substance and essence. *Little Sisters of the Poor v. Cushing,* 62 Md. 416, 420; *Richardson v. Smith,* 80 Md. 89, 30 A. 568; *Gross v. Burneston,* 91 Md. 383, 389, 46 A. 993; *Ward v. Poor,* 94 Md. 133, 141, 50 A. 572; *Hamill v. Hamill,* 162 Md. 159, 159 A. 247, 82 A. L. R. 878; *Tatem v. Wright,* 139 Md. 20, 28, 114 A. 836; *Goertz v. McNally,* 185 Md. 110, 44 A. 2d 446.

*Order affirmed and cause remanded, the costs to be paid out of the estate.*